of March, 1888, the defendants Baeder, Adamson & Co. had marked their second-rate paper as flint paper manufactured at Riverside Flint Paper Mills, Philadelphia, with the cut of a star under the words 'flint paper.' At or about the last-mentioned time they changed such designation of their second-class paper so it should read as follows: 'Baeder's Flint Paper ✳ Manufactured at Riverside Flint Paper Mills, Philadelphia, No. 1, Warranted.'

"It is asserted on the part of the plaintiffs, and the affidavits in their behalf support such contention, that this close imitation of the plaintiffs' trade name and their mark upon their goods was adopted for the purpose of deceiving the public and turning off upon purchasers a second-class paper which should appear to have been made by the plaintiffs themselves as their first-class paper.

"This is the view taken by the learned judge at Special Term in denying the motion to dissolve the injunction; a perusal of the affidavits satisfies us that a proper case was made by the plaintiffs to restrain the defendants in conducting their business in the manner, as is above enjoined, until the trial of the action.

"It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements."

*John E. Parsons*, for the appellants.

*Mason W. Tyler*, for the respondents.

Opinion by Macomber, J.; Van Brunt, P. J., and Brady, J., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

JOHN A. WILSON, Respondent, *v.* GEORGE DRAKE SMITH & COMPANY (Limited), and GEORGE DRAKE SMITH, Appellants, Impleaded, etc.

*Validity of a mortgage— given to the owner of land, who subsequently, and a year thereafter, conveys the property to the mortgagor, with covenants of seizen, against incumbrances and of warranty — as against judgment-creditors of the mortgagor.*

Appeal by the defendants from a judgment recovered at the New York Special Term, and entered in the office of the clerk of the county of New York, August 11, 1888.

The judgment recovered is for the foreclosure of a mortgage executed by the defendants, James A. Willoughby and Charles Willoughby, to the plaintiff, to secure the sum of $10,000, with interest. The property described in the mortgage was a certain factory, with the machinery and improvements contained therein, lying and being at Fordham, in the city and county of New York, and known and designated on a certain map of property at Fordham by Nos. 483 and 484, on the easterly side of Hoffman street, 183 feet south of Pelham avenue. The building is then stated to cover two lots, owned by John A. Willoughby, and the mortgage to be given to secure the payment of a part or a portion of the purchase-money for the premises and the machinery. The title to these two lots was in the plaintiff when the mortgage was executed and delivered to him, and after that time, and over a year subsequent to the record of the mortgage, the plaintiff executed and delivered to James A. Willoughby, one of the mortgagors, a conveyance of this property, and in the conveyance covenanted that he was lawfully seized of an absolute and indefeasible estate of inheritance in fee, simple of the premises conveyed; and that the same were free and clear of incumbrances, grants, titles, charges, estates, judgments, taxes and assessments, and this was followed by a covenant for quiet possession.

The appellant, George Drake Smith & Company (Limited), advanced money to the mortgagors, for which judgments were confessed by them; and these judgments, under the circumstances, were relied upon as being prior liens upon the property to the plaintiffs mortgage. But it appeared by the proof that the agreement and understanding of the parties was that the plaintiff should convey this property to the mortgagors and receive the mortgage executed and delivered to him, as security for its purchase-price, and the advance of money made by him to them, and it was to carry out this understanding that both the mortgage and the deed were afterwards executed and delivered.

The court at General Term said: "When the mortgage was made the title of the plaintiff to the property was recognized and conceded in it. And while the language contained in the deed was very broad as to the title and incumbrances upon the property, it is not to be construed, and was not intended, to exclude or super-

sede this mortgage, which was given to secure their obligations to· the plaintiff. These features of the case place it within the decision which was made in *Judd* v. *Seekins* (3 N. Y. Sup. Ct. [T. & C.], 266;. affirmed, 62 N. Y., 266), sustaining the validity of the mortgage."

[The balance of the opinion was taken up with the discussion of the weight of evidence on the subject of notice. — REP.]

*S. F. Kneeland*, for the appellant.

*James F. Higgins*, for the respondent.

Opinion by DANIELS, J.; VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.